forget that the insurance company duly advised the Secretary of State thereof by routine and customary certification, and dismiss the fact that the Secretary of State accepted such proof and duly notified the insured of that acceptance, specifically referring to the "operator's policy". We are asked to turn a blind eye to these admitted facts and hold liable this insurance company which issued a limited policy, specifically sanctioned by statute, and approved and accepted—although perhaps erroneously—by the state agency charged by law with the responsibility of approval or disapproval. This we cannot do. We conclude that there is no conflict between the statute and the intended limited coverage of the policy in question.

■■ In fine, and for the reasons stated above, the judgment of the trial court is reversed, the case is remanded and the trial court is directed to enter judgment herein for appellant insurance company.

Reversed and remanded with directions.

SMITH, P. J., and TRAPP, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM H. COLE *et al.*, Defendants—(JOHN R. COLE, Defendant-Appellant.)

(No. 11310;

Fourth District—April 16, 1971.

Opinion by Mr. JUSTICE CRAVEN.

Morton Zwick, of Defender Project, of Chicago, (Mary Ellen Dienes, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.